### ROSE McCABE *vs.* PATRICK DOWD.

The defendant in a bastardy process, whose answer simply sets forth that he is not guilty cannot, on his trial in the superior court, object to the further prosecution of the proceedings on the ground that on his arrest he was carried before one of the justices of the police court of Boston who was then engaged in the hearing and trial of criminal cases, and that he was placed in the dock with persons arrested on charges of crime, and there ordered to give bond.

COMPLAINT under the bastardy act.   The defendant's answer filed in the superior court simply set forth that the defendant was not guilty.

At the trial in the superior court, before *Ames,* J., it appeared that the defendant upon his arrest was carried before one of the justices of the police court, who at the time was engaged in the hearing and trial of criminal cases, and that he was placed in the dock with persons who had been arrested on charges of crime, and, upon his waiving examination, was ordered by the justice to give bond, and did give bond with sureties, in conformity to the order of the justice.   The defendant objected that these proceedings in the police court were improper, and that he could not be holden thereupon, and moved that the present

process be dismissed. The judge however ordered the trial to proceed, and the defendant was found guilty, and alleged exceptions.

*J. C. Crowley*, for the defendant.

*A. Cottrell*, for the complainant.

METCALF, J. On the trial of the defendant in the superior court, upon his answer denying the allegations in the complaint there pending, no question was open to him concerning the proceedings in the police court. And we need not express an opinion whether those proceedings were right or wrong. If the bond, which was given by the defendant by order of that court, was obtained from him by duress or other illegal means, he can avoid it when it shall be put in suit. But after he had appeared, according to the condition of the bond, pleaded not guilty of the charge in the complaint, and put himself upon the country, it was too late for him to object, for the first time, that he was not rightfully treated upon his arrest. It is no defence to an action on trial, upon an answer denying the plaintiff's right to recover, that the defendant was unlawfully held to bail or committed to prison upon the original writ. *Exceptions overruled.*